**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Richard J. Jones,  )
 )
       Petitioner,  ) Case No. 1:14-CV-839
 )
vs.  )
 )
Warden, Lebanon  )
Correctional Institution,  )
 )
       Respondent.  )

O R D E R

This matter is before the Court on Petitioner Richard J. Jones' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1), Magistrate Judge Merz's Report and Recommendation (Doc. No. 28) recommending that Petitioner's petition be denied and that the Court deny Petitioner a certificate of appealability and leave to proceed on appeal in forma pauperis, and Petitioner's objections to Judge Merz's report. Doc. No. 32. Having reviewed the pleadings, briefs, and arguments of the parties de novo pursuant to Fed. R. Civ. P. 72(b), the Court concludes that Judge Merz's report is correct in all respects.

1. The Ohio Court of Appeals' determination that there was sufficient evidence for the jury to convict Petitioner of the aggravated murder of his father was not objectively unreasonable. White v. Steele, 602 F.3d 707, 710 (6th Cir. 2009). Specifically, there was sufficient evidence, viewed in the light most favorable to the prosecution, for any rational juror to conclude that Petitioner murdered his father with "prior calculation and design." Brown v. Konteh, 567 F.3d 191, 204-05 (6th Cir. 2009); Ohio Rev. Code 2903.01(A). As found by the Ohio Court of Appeals, there was long-standing bitterness between Petitioner

1

and his father, Petitioner and his father were involved in a particularly acrimonious argument on the day of his murder, Petitioner had eight hours between the beginning of the argument and the time of murder to cool down, Petitioner was recorded on the phone by the police making threats to kill his father, his father called the police other several times that night to report that Petitioner was threatening to kill him, Petitioner went to his father's house and kicked the door in to gain entry to the house, when Petitioner gained entry to the house, he had something to drink and sat on the couch, giving him time to reflect before beginning to assault his father, and the murder itself was drawn out - Petitioner punched, strangled, kicked, and stabbed his father - and Petitioner could have abandoned the attempt to kill his father at any of those moments. These facts were sufficient for any reasonable juror to conclude that Petitioner acted with "prior calculation and design." See State v. Taylor, 676 N.E.2d 82, 89 (Ohio 1997) (stating that "three factors [are] important in determining whether prior calculation and design exists: (1) Did the accused and victim know each other, and if so, was that relationship strained? (2) Did the accused give thought or preparation to choosing the murder weapon or murder site? and (3) Was the act drawn out or an almost instantaneous eruption of events?")(internal quotation marks omitted); State v. Conway, 842 N.E.2d 996, 1013 (Ohio 2006)(holding that element of "prior calculation and design" was established where the defendant's actions "went beyond a momentary impulse and show[ed] that he was determined to complete a specific course of action" to kill the decedent)

    2. Petitioner's claim that the jury's verdict was against the manifest weight of the evidence is not cognizable in § 2254 proceedings because a claim that the jury's verdict was against the weight of the evidence does not raise a federal constitutional issue. Tibbs

v. Florida, 457 U.S. 31, 41-47 (1982); Johnson v. Havener, 534 F.2d 1232, 1234 (6th Cir. 1976); McKinnon v. Superintendent, Great Meadow Corr. Fac.,422 Fed. Appx. 69, 75 (2nd Cir. 2011).

    3. The trial court's refusal or failure to give a lesser-included offense instruction in a non-capital case does not raise a federal constitutional issue. MacMullen v. Booker, 761 F.3d 662, 666-67 (6th Cir. 2014).

    4. The Ohio Court of Appeals' determination that the audio recordings of the victim's calls to the police were non-testimonial, and therefore that the trial court's admission of the tapes during trial did not violate Petitioner's Sixth Amendment Confrontation Clause rights, was not an objectively unreasonable application of controlling U.S. Supreme Court precedent. Davis v. Washington, 547 U.S. 813, 822 (2006) (holding that a statement whose "primary purpose is to enable police assistance to meet an ongoing emergency" is non-testimonial).

    5. Trial counsel's failure to object to the admission of the recordings of the victim's calls to the police did not prejudice Petitioner because, as just explained, the admission the recordings did not violate Petitioner's Sixth Amendment rights. Strickland v. Washington, 466 U.S. 668, 687 (1984).

    6. Petitioner's prosecutorial misconduct claim is procedurally defaulted because he failed to raise it on direct appeal to the Ohio Court of Appeals. Lundgren v. Mitchell, 440 F.3d 754, 763 (6th Cir. 2006).

    7. Petitioner's ineffective assistance of trial counsel claims are procedurally defaulted because he could have raised them on direct appeal and he did not raise them until he filed his Rule 26(B) motion to reopen his direct appeal. Landrum v. Mitchell, 625 F.3d 905, 920

(6th Cir. 2010). Petitioner's claim that his appellate counsel was ineffective for not arguing on appeal that his trial counsel was ineffective for not retaining an expert to show that the victim died from a stroke rather than from being beaten, strangled, and stabbed by Petitioner is also procedurally defaulted because he did not raise it in his Rule 26(B) motion to reopen his direct appeal. Id. at 918 ("When the petitioner has failed to present the grounds to the state courts and has exhausted his claims because no state remedy remains available, his grounds are procedurally defaulted.").

8. Petitioner's claim that the trial court abused its discretion in various ways is also procedurally defaulted because Petitioner failed to raise that claim on direct appeal to the Ohio Court of Appeals. Lundgren, 440 F.3d at 763.

**IT IS THEREFORE ORDERED**

1. Petitioner's objections to the Report and Recommendation (Doc. No. 28) are not well-taken and are **OVERRULED.**

2 .The Court **ADOPTS** the Report and Recommendation.

3. Petitioner's petition for a writ of habeas corpus (Doc. No. 1) is not well-taken and is **DENIED.**

4. A certificate of appealability will not issue with respect to this order because Petitioner has failed to make a substantial showing of the denial of a constitutional right because reasonable jurists could not debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Petitioner remains free to request issuance of the certificate of appealability from the Court of Appeals. See 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b).

5. The Court certifies pursuant to 28 U.S.C.A. § 1915(a)(3) that an appeal of this order would not be taken in good faith, and therefore **DENIES** Petitioner leave to appeal this order in forma pauperis.  See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).


Date March 30, 2016                                s/Sandra S. Beckwith
                                                                  Sandra S. Beckwith
                                             Senior United States District Judge