IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

RICHARD J. JONES,

        Petitioner,      :      Case No. 1:14-cv-839

 - vs -                                District Judge Sandra S. Beckwith
                                       Magistrate Judge Michael R. Merz

WARDEN, Lebanon
  Correctional Institution,

                                      :

        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION FOR RECONSIDERATION

This habeas corpus case, brought pro se by Petitioner Richard Jones, is before the Court on Petitioner's Motion for Reconsideration (ECF No. 37) which the Warden opposes (ECF No. 38). As a post-judgment motion, it is deemed referred to the Magistrate Judge for report and recommendation under 28 U.S.C. § 636(b)(3).

Respondent asserts the Motion must be considered under Fed. R. Civ. P. 60(b)(6) because it was filed too late to meet the deadline for consideration under Fed. R. Civ. P. 59 (ECF No. 38, PageID 1622-23). Respondent is correct that the twenty-eight day period for filing under Fed. R. Civ. P. 59 is jurisdictional. Judgment was entered March 30, 2016, so that the twenty-eight days expired April 27, 2016. However, the Certificate of Service on the Motion shows deposit in the mail on April 27, 2016, and, because Petitioner is incarcerated, he is entitled to benefit of the mailbox rule. . Houston v. Lack, 487 U.S. 266 (1988); Cook v. Stegall, 295 F.3d 517, 521 (6th

1

Cir. 2002). The Motion for Reconsideration was therefore timely filed.

A motion under Fed. R. Civ. P. 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted). Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id.* Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence. *Id.*

Jones' Motion does not meet the standards of Fed. R. Civ. P. 59(e). He has not shown a manifest error of law or in presented any new evidence to be considered by the Court. Instead, he re-argues the claims already made and rejected in the Court's Order adopting the Report and Recommendations on the merits (ECF No. 35). Furthermore the Court has already rejected the request for certificate of appealability. *Id.*

The Magistrate Judge respectfully recommends that the Motion for Reconsideration be DENIED.

May 4, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).